UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                            S1 11 Cr. 370 (HB)

       -v.-

ADRIAN BUSBY,

             Defendant.
-------------------------------------------------------------X

## DEFENDANT'S MOTION IN LIMINE

Submitted by:

/s/
_____
Denis P. McAllister, Esq.
Attorney for Defendant
70 Glen Street, Suite 280
Glen Cove, New York 11542
Tel.# (516) 671-2688
Fax# (516) 671-1148
e-mail address: Kogid67@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                       S1 11 Cr. 370 (HB)

       -v.-

ADRIAN BUSBY,

               Defendant.
------------------------------------------------------------X

       Defendant, ADRIAN BUSBY, by and through his attorney, DENIS P. McALLISTER, hereby moves *in limine*\* for an Order precluding the United States Government from introducing into evidence a transaction between Mr. Busby and a private witness by the name of Thomas McCullough which would fall within the Federal Rules of Evidence (hereinafter referred to as "FRE"), Section 404(b), "Other Crimes, Wrongs, or Acts.", 28 U.S.C.

**Nature of the Instant Criminal Cause.**

       This case is a criminal cause where the accused is a criminal investigator, (a/k/a special agent), for the Federal Bureau of Investigation. The Government's Pre-Trial Memorandum spells out its version of the case and is incorporated herein, by reference, for purposes of the instant motion. All four of the charges against Mr. Busby are for a violation of the same section of law. To wit, 18 U.S.C. §1001, False Statement. The charges are clearly identified in the Superseding Indictment filed on October 11, 2011. For purposes of this motion we incorporate the contents of the Superseding

---

\*     **Despite the absence of statutory authority for such motions (*in limine*) the use of the same has been tacitly approved by the Courts. *United States v. Valencia*, 826 F.2d 169, 171-72 (2d Cir. 1987).**

Indictment herein, as well.

**Government's Intention to Introduce "Other...wrongs, or acts".**

While we do not agree completely with the Government's overview of the case regarding the timing of when Mr. Busby's (hereinafter referred to as Defendant) relationship with Yaneth Salazar (hereinafter referred to as "Ms. Salazar") became a "personal" relationship or the timing of when it became a "sexual relationship"*, we do believe that the evidence will show that at some point in late 2008 the Defendant did engage in a sexual relationship with Ms. Salazar.

The Government will most likely be successful in the introduction of evidence in the form of text messages, e-mails, etc., to give rise to an inference of a personal and then an intimate relationship between the Defendant and Ms. Salazar at some point during the trial.

We expect that the Government will also attempt to argue, in opening and closing statements, that the intimate relationship between the Defendant and Ms. Salazar was a motivating factor in the Defendant purportedly knowing and willful delivery of "confidential, law enforcement-sensitive reports" to Ms. Salazar's criminal defense attorney, Ronald Nir, Esq.

If and when Your Honor permits the introduction of such evidence, (of the intimate relationship between the Defendant and Ms. Salazar), we will be requesting a cautionary or limiting instruction to the jury on the use of such evidence. In fact, at the time of Charging the Jury we will renew our request to Your Honor for such a cautionary/limiting instruction to the jury about the proper use of such evidence.

\*       See Government's PreTrial Memorandum (Case Document 15) at page 4.

The instant motion to preclude does **not** pertain to the expected evidence referred to immediately above, but does pertain to the anticipated presentation of evidence by the Government as outlined in their Pre-Trial Memorandum regarding the testimony of Thomas McCullough, attorney at law.

The Government has summarily explained its version of the expected testimony as follows: "As Salazar's trial in the NYPD identity theft matter neared in 2009, Busby also became intensely involved in Salazar's legal defense. At one point, shortly after a guilty plea by Salazar's co-defendant Elba Garcia to the state identity theft charges, Busby contacted Garcia's counsel and criticized him for having allowed Garcia to take the plea. Busby insisted to counsel that Garcia come in and talk to him or else face arrest on federal charges". See Government's Pre-Trial Memorandum at page 4.

Page 8 of the Government's Pre-Trial Memorandum (hereinafter referred to as "Memo") contains its "Witness List". Witness number 6 is identified as "Thomas McCullough, former attorney for Elba Garcia".

It is clear from reading the Memo that the Government is intending to introduce evidence of the transaction between the Defendant and Mr. McCullough as an "{o}ther...wrong, or act" of this Defendant, under FRE 404(b). While the Memo does not indicate the exact date of the conversation it is clear that this conversation would had to have occurred in the fall of 2009 since Ms. Salazar's trial began at the very beginning of December, 2009. Thus, November/December 2009, is our interpretation as to when the Government's claim of the purported transaction between the Defendant and Mr. McCullough occurred.

There are four (4) counts in the Superseding Indictment (hereinafter referred to as "SI"), and the four counts contain three different dates for each alleged crime. Therefore, depending on the

relevancy to which of the four (4) counts the Government asserts the subject transaction applies, the subject transaction is both a prior and subsequent "act".

## Chronology of the Four Charged Crimes.

Count One of the SI alleges that the crime in that count was committed on **January 10, 2008**.

Count Two of the SI alleges that the crime in that count was committed on **December 22, 2009**.

Counts Three and Four of the SI alleges that the crimes in those counts were committed on **April 8, 2011**.

## Argument in Favor of Preclusion of the Subject Evidence.

It is clear from the Government's characterization of the Defendant's behavior, (i.e. that he was becoming "intensely involved" in Salazar's defense, that Defendant criticized Garcia's defense attorney {McCullough} for allowing her {Garcia} to take a plea, and Busby insisting to McCullough that Garcia come in and talk to him or else face arrest on federal charges) that they intend to introduce this evidence as other wrongs or acts.

However, the Government ought be required to posit their argument as to how they see this transaction with Mr. McCullough as being relevant towards the Defendant's 1) motive 2) opportunity, 3) intent, 4) preparation, 5) plan, 6) knowledge, 7) identity, 8) absence of mistake, or accident, to any of the four (4) counts in this criminal cause.

We respectfully suggest that the Government can not meet its burden in demonstrating the

admissibility of the transaction between the Defendant and Mr. McCullough some time in November/December of 2009.

The Second Circuit recently reiterated its practice of following the inclusionary approach, which admits all "other act" evidence that does not serve the sole purpose of showing the defendant's bad character and that its neither overly prejudicial under Rule 403 nor irrelevant under Rule 402. See *United States v. Curley*, 639 F.3d 50, (2011), at 56.

The United States Supreme Court prescribed the steps to be taken by a trial judge when uncharged crime evidence is offered under Rule 404(b). In *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the Court stated that the judge must:

1) find a purpose for admission other than simply to show propensity, 2) find the evidence relevant under Rule 402, 3) find the Rule 403 probative value-prejudice test satisfied, and 4) instruct the jury that the evidence is to be considered only for the purpose for which it was admitted. *id.* At 691-92, 1502, 783-84.

We respectfully suggest that the Government can not, in the first place, meet the threshold relevancy standard regarding the introduction of the transaction between the Defendant and Mr. McCullough.

To satisfy the relevancy inquiry the evidence must be sufficiently similar to the conduct at issue or permit the trier of fact to reasonably draw from the act the inference advocated by the Government. See *United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987).

The Government will have to articulate how the proffered testimony of Mr. McCullough will reflect on this Defendant's 1) motive 2) opportunity, 3) intent, 4) preparation, 5) plan, 6) knowledge, 7) identity, 8) absence of mistake, or accident, to any of the four (4) counts in this criminal cause.

It is clear that the only reason that the Government is attempting to introduce evidence of the transaction between the Defendant and Mr. McCullough is to demonstrate a propensity by this Defendant to commit the false statement crimes that he is charged with.

The Second Circuit also allows inclusion unless the chain of necessary inferences necessary to connect the evidence to the ultimate fact to be proved is unduly long. *United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1990). See, also *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cri. 1990).

We think it an extraordinary stretch to extrapolate from the purported transaction between the Defendant and Mr. McCullough in November/December of 2009 that there is any relevance to the Defendant having allegedly falsely answered an internal FBI questionnaire the previous January of 2008.

Likewise, we think it an extraordinary stretch to extrapolate from the purported transaction between the Defendant and Mr. McCullough in November/December of 2009 that there is any relevance to the Defendant having allegedly drafted an internal FBI report with false information on December 22, 2009.

Even the counts stemming from the April 8, 2001, interview are completely disconnected from the transaction between the Defendant and Mr. McCullough back in November/December of 2009.

The Second Circuit has upheld the admission of <u>subsequent act</u> evidence to prove a state of mind only when it so closely paralleled the charged conduct that it was probative regardless of the temporal difference. *U.S. v. Curley*, at 61. In the instant circumstance there are no parallels in the charged conduct (false statements) and the transaction between the Defendant and Mr. McCullough.

In the event that Your Honor find the transaction between the Defendant and Mr.

McCullough relevant to the ultimate issues in this cause we respectfully suggest that the Government can not get past Rule 403's exclusion strictures which is the probative value-unfair prejudice test.

The only basis for the Government to attempt to introduce the evidence of the "other wrong, act" in this case is to excite the emotions against this Defendant and create a prejudicial effect. *United States v. Figueroa*, 618 F.2d 934, (2d Cir. 1980). That is clearly an inappropriate basis for the introduction of such evidence.

A jury is likely to misuse the evidence of the transaction between the Defendant and Mr. McCullough and they might be inclined to conclude that the Defendant is a bad guy. A limiting instruction on the use of such evidence would be insufficient to prevent such misuse.

Therefore, the only appropriate ruling under such circumstances is an Order to preclude the Government from introducing such evidence.

## Conclusion.

For the reasons detailed above we respectfully move for an Order precluding the Government from introducing evidence of the transaction between the Defendant and Mr. McCullough into the instant criminal cause.

Dated: October 20, 2011.

/s/
_____
Denis P. McAllister, Esq.
Attorney for Defendant
70 Glen Street, Suite 280
Glen Cove, New York 11542
Tel.# (516) 671-2688
Fax# (516) 671-1148

e-mail address: Kogid67@aol.com

To: AUSA Sarah McCallum
   AUSA Alvin Bragg