**MANDATE**

12-1554-cr
*United States v. Busby*

N.Y.S.D. Case #
11-cr-0370(HB)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:

JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 3, 2013

—————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                          No. 12-1554-cr

ADRIAN BUSBY,

*Defendant-Appellant.*

—————————————————————

**FOR DEFENDANT-APPELLANT:**       Laurie S. Hershey, Manhasset, NY.

**FOR APPELLEE:**                  Alvin L. Bragg, Jr., Sarah E. McCallum, Diane Gujarati, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the

1

Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Adrian Busby appeals from a judgment of conviction entered on April 11, 2012, after being found guilty by a jury on four counts of making false statements to federal authorities, in violation of 18 U.S.C. § 1001. These charges stemmed from false statements that Busby, a former agent of the Federal Bureau of Investigation (the "FBI"), made in internal FBI documents and to federal prosecutors regarding a confidential informant, with whom Busby had an intimate relationship. After calculating a Guidelines range of 15 to 21 months' imprisonment, the District Court sentenced Busby to prison terms of 12 months and 1 day on each count, to run concurrently.

On appeal, Busby raises three arguments, which we address in turn. We assume the parties' familiarity with the facts and procedural history of this case.

First, Busby argues that the District Court committed plain error by not holding a hearing after the Court issued a *sua sponte* request to the government for information to ensure that Busby was not selected for prosecution because of his race. In particular, Busby argues that his offense, though unlawful, was not severe enough to warrant prosecution under normal prosecutorial standards. The parties agree that our review of this unpreserved argument is for "plain error." *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining "plain error" review). The District Court did not err, as the record does not contain evidence constituting a *prima facie* case, *see United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983), that Busby was selected for prosecution because of his race.

Second, Busby argues that the Court abused its discretion by allowing the government to introduce the testimony of the lawyer of a codefendant of the confidential informant with whom Busby had a relationship. In particular, Busby argues that the Court should have excluded, pursuant to Rule 404(b) of the Federal Rules of Evidence,[1] the lawyer's testimony that Busby, as he summarizes on appeal, "was interfering with the case of Ms. Salazar's codefendant and . . . took the

---

[1] Rule 404(b) states, in relevant part, that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), but that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2).

2

codefendant's guilty plea 'personally.'" Appellant's Br. at 36. Based on the record, we conclude that the District Court's evidentiary ruling, which we review for an "abuse of discretion," *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009), was "within the range of permissible decisions" and was not based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (quotation marks omitted) (explaining the "abuse of discretion" standard). Most importantly, the contested evidence was probative of Busby's motives and intent to turn over the confidential FBI reports that he claimed to have lost by accident, and any unfair prejudicial effect was minimal, if present at all. The District Court's decision was therefore not an "abuse of discretion." Moreover, Busby did not request a limiting instruction and has therefore forfeited any argument that such an instruction was necessary. *See United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012).

Third, Busby argues that the District Court plainly erred by permitting the prosecutor to make statements during closing arguments, without objection by defense counsel, regarding Busby's efforts to intervene in the state prosecutions involving the confidential informant with whom he had a relationship and her codefendant. As explained above, however, Busby's efforts to interfere with state prosecutions were probative of his motives and intent to turn over the confidential FBI reports that he claimed to have lost by accident. The government statements at trial were therefore appropriate, and the District Court did not "abuse its discretion," much less "plainly err," by not issuing *sua sponte* an instruction to the jury to disregard the uncontested (but now disputed on appeal) government statements.

## CONCLUSION

We have reviewed all of Busby's arguments and find them to be without merit. Accordingly, the judgment of conviction is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit